This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40234

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**BRENDAN K. THOMAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Britt Marie Baca-Miller, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Emily Bowen, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** This matter was submitted to the Court on Defendant's brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Eleventh Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2019-002, effective October 1, 2019. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer, and reply, we affirm Defendant's sentence for the following reasons.

**{2}** Defendant appeals a sentence entered pursuant to a plea agreement by which he pled guilty to two counts of third-degree felony robbery. [RP 69-74, 116-120] That agreement accurately recited that the maximum penalty for two third-degree felony convictions would be six years of imprisonment followed by two years of parole. [RP 69] NMSA 1978, § 31-18-15(A) (2019, amended 2022); NMSA 1978, § 31-21-10(D). The agreement also recited that, notwithstanding the maximum sentence legally authorized, the State agreed to a cap of three years "at initial sentencing" and that Defendant could be "ordered to serve a period of incarceration of 3 years at initial sentencing." [RP 68, 69] The plea agreement also recited that the parties' sentencing agreement could be voided by the State under specified conditions. [RP 68-69] Of relevance to this appeal, those conditions included that Defendant not violate any conditions of release or other court orders. [Id.]

**{3}** Following its acceptance of that plea agreement, the district court continued Defendant's sentencing hearing and ordered him to report to drug court, a preprosecution diversion program. [BIC 2; AB 3] *See* NMSA 1978, §§ 31-16A-1 to -8 (1981, as amended through 2019) (establishing the program). Although Defendant successfully participated in that diversion program for over a year, he ultimately failed to complete the drug court program. [BIC 2] The district court then resumed the sentencing hearing and imposed a sentence of six years to be followed by two years of parole. [BIC 3; AB 1-2; RP 117] On appeal, the parties agree that this sentence was handed down at Defendant's initial sentencing hearing. [BIC 7; AB 3-4]

**{4}** Defendant asserts that the unusual circumstances of this case rendered the plea agreement ambiguous with regard to the sentencing cap, that he reasonably believed he could not be sentenced to more than three years imprisonment, and that he is entitled to specific performance of that agreement as he understood it. [BIC 6-7, 11] *See State v. Miller*, 2013-NMSC-048, ¶¶ 8, 31, 314 P.3d 655 (ordering specific performance of a defendant's reasonable understanding of an ambiguous plea agreement). Although we agree with Defendant that the State agreed to a three-year limitation at his initial sentencing, we find no ambiguity in the agreement's recitation of conditions that would permit the State to withdraw its agreement to that limitation.

**{5}** Because Defendant was released to drug court prior to sentencing, the district court entered orders requiring him, among other things, to report to drug court and to comply with the orders and instructions of his drug court probation officer, "including submission of urine samples for testing of illegal substances, any substance abuse treatment, and reporting as required for appointments and required reviews." [RP 78, 86] Defendant was twice reported to the district court for violations related to the drug court program. [RP 79, 95] The first of those violations resulted in him being returned to custody to complete an addiction treatment program, after which he was again released to resume the drug court program. [RP 80, 85-87]

**{6}** The second violation reported to the district court, which occurred one year later, ultimately resulted in his unsuccessful termination from the drug court program. [RP 95, 110] At that point, Defendant had stopped participating in the program, and the district

court resumed his sentencing hearing. [RP 114] Throughout his referral to the drug court program, Defendant's conditions of release required his compliance with that program, and it was his eventual failure to do so that resulted in his termination from the program. [RP 95, 110, 112, 122]

**{7}** As a result of this sequence of events, Defendant was sentenced at his "initial sentencing," but he had also violated the conditions of his release before sentence was imposed. Pursuant to the terms of the plea agreement, such violations allowed the State "to void the previously-negotiated sentencing agreement," and permitted the court to "sentence Defendant to imprisonment absent the conditions of any previously-negotiated limitation." [RP 69]

**{8}** Based on the foregoing, we affirm the judgment and sentence of the district court.

**{9}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**